UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY,

                                                                                     Civil Action No.

                           Plaintiff,

                          -against-

SELECTIVE INSURANCE COMPANY OF AMERICA,

                           Defendant.
---------------------------------------------------------------------X

**COMPLAINT FOR DECLARATORY RELIEF**

      Plaintiff, THE PHOENIX INSURANCE COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, SELECTIVE INSURANCE COMPANY OF AMERICA ("Selective"), alleges upon information and belief as follows:

**Nature of the Action**

      1.     This is an insurance coverage action brought for declaratory relief for equitable subrogation and indemnification arising out of an insurance policy that Selective issued to Phoenix Mechanical Contracting, Inc. ("Phoenix") as a named insured thereunder.

      2.     In the instant action, Travelers seeks a determination from this Court that Selective is obligated to reimburse Travelers, with interest, for the costs incurred in the defense of Ryan Construction, Inc. ("Ryan Construction") in a lawsuit entitled *HVV Gloucester, LLC v. Ryan Construction, Inc.* currently pending in the Superior Court Department for Essex bearing civil action number 2077-CV-01211D (the "Underlying Action"), as well as for indemnity amounts Travelers paid on Ryan Construction's behalf in the Underlying Action.

**Parties**

1

3. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of Massachusetts with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Selective was and is an New Jersey corporation duly licensed with a principal place of business in Branchville, New Jersey.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable case or controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Selective such that the issues presented in this Complaint are appropriate for resolution by this Court.

8. Plaintiff Travelers has no adequate remedy at law.

**Policies**

9. Travelers issued to Ryan Construction a policy of Commercial General Liability insurance bearing policy number DT-CO-2H572219-PHX-19 for the policy period from July 31, 2019 to July 31, 2020 (the "Travelers Policy").

10. Subject to certain terms, conditions and exclusions, the Travelers Policy generally provides coverage for bodily injury or property damage that takes place during the policy period and is caused by an accident.

11. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available to the insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance.

12. Defendant Selective issued to Phoenix a policy of Commercial General Liability insurance bearing policy number S 2260201 which was effective in consecutive years from November 30, 2016 until November 30, 2021 (the "Selective Policy").

13. Upon information and belief, subject to certain terms, conditions, and exclusions, the Selective Policy generally provides coverage for bodily injury or property damage that takes place during the policy period and is caused by an accident.

14. The Selective Policy contains a Contracting, Installation, Service and Repair General Liability Extended ElitePac Endorsement (CG 79 88 01 19) which provides, in relevant part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.
>
> **1. BLANKET ADDITIONAL INSUREDS**
>
> \*\*\*
>
> **b. Completed Operations**
> **SECTION II – WHO IS AN INSURED** is amended to include as an additional insured:
>
> > 1. Any person or organization for whom you are performing or have performed operations when you and such person or organization have agreed in a written contract, written agreement or written permit that such person or organization be added as an additional insured on your commercial general liability policy; and

2. Any other person or organization, including an architects, engineers or surveyors not engaged by you, whom you are required to add as an additional insured under your policy in the contract or agreement in Paragraph **1.** above;

Such person or organization is an additional insured only with respect to their liability arising out of "your work" performed under that contract, agreement, or permit and included in the "products-completed operations hazard" when that contract, agreement, or permit requires the additional insured be added with respect to liability arising out of "your work" performed under that contract, agreement, or permit and included in the "products-completed operations hazard".

If the written contract, written agreement, or written permit does not require that the additional insured be added with respect to liability arising out of "your work" performed under that contract, agreement, or permit and included in the "products-completed operations hazard", then such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" performed under that contract, agreement, or permit and included in the "products-completed operations hazard".

\*\*\*

**e. Conditions**

With respect to the insurance afforded to these additional insureds under **a. Ongoing Operations** and **b. Completed Operations** the following is added to Paragraph **4. Other Insurance, a. Primary Insurance** under **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS:**

This insurance is primary and will not contribute with any other insurance available to an additional insured under this coverage part provided that:

(1) The additional insured is a Named Insured under such other insurance.
(2) You have agreed in a written contract, written agreement or written permit to include that additional insured on your
General Liability policy on a primary and/or non-contributory basis.

## Background Facts

15. By way of contract dated November 13, 2017, Happy Valley Ventures Gloucester, LLC ("HVV"), hired Ryan Construction to serve as general contractor for a build out and improvements to a new cannabis cultivation and manufacturing facility located in Gloucester, Massachusetts (the "Project").

4

16. By way of subcontract dated February 20, 2018 (the "Subcontract"), Ryan Construction hired Phoenix to serve as HVAC subcontractor on the Project.

17. Pursuant to the Subcontract, Phoenix agreed to indemnify and hold harmless Ryan Construction "from and against all claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of, caused by, or resulting from the performance of the Work" under the Subcontract provided that any such claim is attributable to injury to or destruction of tangible property and is caused in whole or in part by any act or omission of Phoenix.

18. In the Underlying Action, HVV asserted direct claims against Ryan Construction, Phoenix, Accelerated Growth Solutions LLC ("Accelerated Growth"), and AAON, Inc. ("AAON"). See Second Amended Complaint, attached hereto as **Exhibit A**. See also HVV's Direct Claims Against Third Party Defendants Accelerated Growth Solutions, LLC, AAON, Inc., and Phoenix Mechanical Contracting, Inc., attached hereto as **Exhibit B.**

19. In the Underlying Action, HVV alleged that the Project was completed in May 2019 and HVV promptly began to occupy the facility in May 2019.

20. In the Underlying Action, HVV further alleged that, shortly after May 2019, HVV began to experience serious defects in the HVAC systems at the facility, including equipment failures of individual units and evidence that individual units were installed improperly.

21. In the Underlying Action, HVV alleged that Ryan Construction and Phoenix failed to provide the labor and expertise to diagnose individual issues with the HVAC system, failed to repair existing units as necessary and/or failed to remove old units and install new units where appropriate.

22. In the Underlying Action, HVV further alleged that it incurred over $100,000 in direct costs to fix the issues caused by Ryan Construction and Phoenix.

23. In the Underlying Action, HVV alleged that, as a result of the defective construction and HVAC equipment, HVV suffered significant damage to its cannabis products resulting in substantially reduced revenue in excess of $1,000,000.

24. In the Underlying Action, HVV sought to impose liability on Ryan Construction and Phoenix for alleged property damage that was caused, in whole or in part, by Phoenix's work under the Subcontract.

25. Travelers provided Ryan Construction with a defense in connection with the Underlying Action.

26. By letter correspondence dated June 14, 2022, Travelers tendered the defense and indemnity of Ryan Construction to Selective.

27. By letter correspondence dated October 28, 2022, Selective denied Travelers' tender on the ground that HVV's claims for damage to the cannabis crop are excluded by the Selective Policy.

28. By email dated January 4, 2023, Travelers re-tendered the defense and indemnity of Ryan Construction to Selective.

29. By letter correspondence dated May 9, 2023, Selective denied Travelers' tender on the ground that there are no allegations that Phoenix's work caused the damage.

30. By email dated May 10, 2023, Travelers re-tendered the defense and indemnity of Ryan Construction to Selective.

31. To date, Selective has failed and refused to accept the defense and indemnity of Ryan Construction in connection with the Underlying Action.

32. In or about December 2024, HVV settled all claims against Ryan Construction in the Underlying Action.

33.     As part of the resolution of HVV's claims against Ryan Construction in the Underlying Action, Travelers contributed indemnity payments to HVV on behalf of Ryan Construction in amounts in excess of $75,000.

34.     In resolving HVV's claims in the Underlying Action, Travelers reserved its rights to pursue any appropriate claims against Selective, including for equitable subrogation, indemnification, and declaratory judgment relief.

35.     Travelers incurred approximately $341,484.83 in legal expenses in its defense and indemnification of Ryan Construction in the Underlying Action.

## Count I – Equitable Subrogation

36.     Travelers incorporates the allegations of Paragraph 1 – 35 as if set forth more fully herein.

37.     Pursuant to the terms of the Selective Policy, Selective had a duty to defend and indemnify Ryan Construction in the Underlying Action.

38.     The doctrine of equitable subrogation has been recognized in Massachusetts and is based on the principle that a party should not be made to bear a loss that rightfully belongs to another party.

39.     Under the principles of equitable subrogation, Travelers is subrogated to the rights of its insured, Ryan Construction, and is entitled to recover that portion of the defense and indemnity costs owed by Selective.

40.     Because Selective failed and refused to fulfill its contractual obligations to Ryan Construction under the Selective Policy as to the Underlying Action, Travelers was forced and compelled to pay the defense costs and indemnity payment for Ryan Construction for which Selective is responsible.

41. Travelers paid those sums by compulsion and/or for the protection of Ryan Construction and Travelers pursuant to the terms of the relevant policies.

42. In paying those defense costs and indemnity, Travelers paid a debt for which Selective was primarily answerable and which in equity and good conscience should have been discharged by Selective.

43. Travelers seeks reimbursement of the sums it paid in connection with the defense and indemnity of Ryan Construction in the Underlying Action, plus interest.

## Count II – Indemnification

44. Travelers incorporates the allegations of Paragraph 1 – 43 as if set forth more fully herein.

45. Because Selective failed and refused to fulfill its contractual obligations under the Selective Policy as to the settlement of the Underlying Action, Travelers was forced and compelled to pay the indemnity payment on behalf of Ryan Construction to protect the interests of its insured.

46. Travelers is entitled to indemnification and recovery of the amount Travelers paid to indemnify Ryan Construction in the Underlying Action as a result of Selective's breach of its obligation to do so, plus interest.

## Count III – Declaratory Judgment

47. Travelers incorporates the allegations of Paragraph 1 – 46 as if set forth more fully herein.

48. Selective has failed to fulfill its contractual obligation under the Selective Policy in that it has failed and refused to defend and indemnify Ryan Construction in the Underlying Action.

49. In contradiction to the terms of the Selective Policy, Selective has failed and refused to pay the costs incurred in the defense and indemnity of Ryan Construction in the Underlying Action.

50. Accordingly, Travelers seeks a declaration that Selective has an obligation to reimburse Travelers for those sums it paid in connection with the defense and indemnity of Ryan Construction in the Underlying Action.

### Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Selective Policy was in full force and effect on the date of the alleged property damage.

2. Declaring that Ryan Construction was an "insured" under the Selective Policy on the date of the alleged property damage.

3. Declaring that all terms and conditions of the Selective Policy have been complied with and met.

4. Declaring that the alleged property damage and the Underlying Action fall within the coverage afforded by the Selective Policy.

5. Declaring that Selective's coverage obligation to Ryan Construction in connection with the Underlying Action are primary to those of Travelers.

6. Declaring that Plaintiff Travelers' coverage obligation under the Travelers Policy is excess to that of Selective with respect to the Underlying Action.

7. Declaring that an actual controversy exists between Travelers and Selective with respect to Selective's duty to defend and indemnify Ryan Construction in connection with the

Underlying Action.

8. Declaring that Selective owes a duty to reimburse Travelers the defense costs it incurred in defending Ryan Construction in connection with the Underlying Action, plus interest.

9. Declaring that Selective owes a duty to reimburse Travelers the sum it paid to indemnify Ryan Construction in connection with the Underlying Action, plus interest.

10. Granting an award in favor of Travelers against Selective for all sums Travelers paid in defending Ryan Construction as to the Underlying Action.

11. Granting an award in favor of Travelers against Selective for all sums Travelers paid in indemnifying Ryan Construction as to the Underlying Action.

12. Granting such other and further relief as the Court may deem just and proper.

Date: March 5, 2025

        RESPECTFULLY SUBMITTED:

        PLAINTIFF
        The Phoenix Insurance Company

By:   /s/Logan A. Carducci
        Logan A. Carducci
        USERY AND ASSOCIATES
        Attorneys for Plaintiff
        Main: 917-778-6680
        Fax: 844-571-3789
        Email: lcarducc@travelers.com

        <u>Please address all correspondence sent by mail to:</u>
        P.O. Box 2996
        Hartford, CT 06104-2996

        <u>Physical Address</u>:
        485 Lexington Avenue, 6th Floor
        New York NY 10017